UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————————

№ 19-CV-4805 (ENV) (RER)

———————————

Brian Jones,

Plaintiff,

versus

Experian Information Solutions, Inc.,

Defendant.

———————————

**Report & Recommendation**
July 10, 2020

———————————

To The Honorable Eric N. Vitaliano
Senior United States District Judge

**RAMON E. REYES, JR., U.S.M.J.:**

In July 2019, Brian Jones ("Plaintiff") brought this action under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA") against Experian Information Solutions, Inc. ("Defendant"). (Dkt. No. 1-2 ("Compl.")). After Plaintiff's Counsel withdrew as his attorney, Plaintiff proceeded *pro se*. Despite two separate warnings that failure to appear at scheduled conferences would result in a report recommending dismissal of his case, Plaintiff failed to appear at three consecutive conferences. Therefore, I respectfully recommend *sua sponte* that the Court dismiss without prejudice Plaintiff's action for failure to prosecute and failure to comply with a court order pursuant to Federal Rule of Civil Procedure 41 ("Rule 41").

-1-

## BACKGROUND

Plaintiff brought this FCRA action against Defendant for failure to assure maximum possible accuracy and failure to reinvestigate disputed information in the Civil Court of the City of New York, County of Queens. (*See* Compl.). On August 21, 2019, Defendant removed the action to the Eastern District of New York, (Dkt. No. 1), and on September 27, 2019, Defendant filed an Answer. (Dkt. No. 5). On March 13, 2020, Plaintiff's Counsel filed a motion to withdraw as attorney (Dkt. No. 8), which was granted the following week. (Minute Order dated 03/20/2020). Plaintiff was directed to attend a telephonic hearing scheduled for March 20, 2020, (Scheduling Order dated 03/17/2020), but failed to appear. (Minute Order dated 03/20/2020). Plaintiff's Counsel mailed and emailed Plaintiff a copy of both the Minute Order dated 03/20/2020 and *Graf v. Long Island Rail Road Co.*, No. 04-CV-4945 (NG) (RER), 2006 WL 2620525 (E.D.N.Y. Sept. 13, 2006), explaining that continued failure to appear at scheduled conferences would result in a recommendation for dismissal. (Minute Order dated 03/20/2020). Plaintiff's Counsel also provided the Court with Plaintiff's last known address and contact information. (*See* Dkt. No. 9). Since Plaintiff's Counsel withdrew, no new counsel appeared, and Plaintiff proceeded *pro se*.

Plaintiff has failed to appear for all subsequent scheduled conferences. On April 21, 2020, Plaintiff failed to appear for a scheduled pre-trial telephonic conference. (*See* Minute Entry dated 04/21/2020). Plaintiff was warned a second time that continued failure to appear would lead to a recommendation for dismissal. (*Id.*). A copy of the Minute Entry was sent to Plaintiff via First Class and Certified Mail as well as via email through ECF. ((Court only) \*\*\*Copy of Documents Mailed dated 04/22/2020). Then, on May 19, 2020, Plaintiff failed to appear for the third time. (Minute Entry dated 05/19/2020). At that hearing, the Court noted that Plaintiff's continued failure to appear despite multiple warnings warranted a recommendation of dismissal for failure to

prosecute and failure to comply with a court order. (Dkt. No. 11; Minute Entry dated 05/19/2020). Copies of the Minute Entry and the Transcript were sent to Plaintiff via mail and email through ECF. ((Court only) ***Copy of Documents Mailed dated 05/20/2020).

## **DISCUSSION**

A district court may dismiss a case *sua sponte* under Rule 41(b) at its discretion. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962). Rule 41(b) states that dismissal is appropriate where "the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b). "*Pro se* litigants may in general deserve more lenient treatment than those represented by counsel." *McDonald v. Head Criminal Court Superior Officer*, 850 F.2d 121, 124 (2d Cir. 1988). Nevertheless, "[dismissal] for failure to prosecute is vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982).

The Second Circuit considers five factors when weighing dismissal under Rule 41(b): "(1) the duration of plaintiff's failure . . ., (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudice by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996). Taken together, these five factors support dismissal here.

The first factor considers both "(1) whether the failures to prosecute were those of the plaintiff, and (2) whether these failures were of significant duration." *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 255 (2d Cir. 2004). Here, part one of the first factor weighs in

favor of dismissal. It was only Plaintiff who failed to appear for three consecutive conferences. (Minute Order dated 03/20/2020; Minute Entry dated 04/21/2020; Minute Entry dated 05/19/2020). Thus, the failure to prosecute was Plaintiff's alone.

Part two of the first factor considers whether the delay was significant in duration. *Drake*, 375 F.3d at 255. While "[t]here is no fixed time after which a delay becomes 'unreasonable'" *Europacific Asset Mgmt. Corp. v. Tradescape, Corp.*, 233 F.R.D. 344, 351 (S.D.N.Y. 2005), typically a delay of days or weeks does not warrant dismissal. *Chavis v. City of New York*, No. 17 Civ. 9518 (PAE) (BCM), 2018 WL 6532865, at *3 (S.D.N.Y. Oct. 12, 2018), *report and recommendation adopted by* 2018 WL 6528238 (S.D.N.Y. Dec. 11, 2018). Courts in the Second Circuit have found delays as short as three months to be significant in duration. *See Folk v. Barton*, No. 15 Civ. 6443 (AJN) (JCF), 2016 WL 8993874 (S.D.N.Y. Dec. 2, 2016) (finding a delay of three months warranted dismissal), *report and recommendation adopted by* 2017 WL 2191620 (May 17, 2017); *Kent v. Scamardella*, No. 07 Civ. 844 (SHS), 2007 WL 3085438 (S.D.N.Y. Oct. 18, 2007) (finding delay of three months warranted dismissal). Although a two-month delay is shorter than many delays found to be significant in duration by courts in this circuit, "the duration factor is of limited significance where a party deliberately disobeys court orders." *Feurtado v. City of New York*, 225 F.R.D. 474, 478 (S.D.N.Y. 2004). Even "a 'short delay' by the plaintiff may 'still properly result in dismissal if plaintiff ha[s] willfully failed to comply with multiple court orders' during the course of the action." *Feurtado*, 225 F.R.D. at 479 (quoting *Graham v. Sullivan*, No. 86 Civ. 0163 (WK), 1999 WL 1006181, at *2 (S.D.N.Y. Nov. 5, 1999). Additionally, a short delay may be significant where it "function[s] as a complete block to moving th[e] litigation forward." *Kent*, 2007 WL 3085438, at *2; *see also Peart v. City of New York*, 992 F.2d 458, 461

(2d Cir.1993) (finding that dismissal was appropriate for a ten-day delay where Plaintiff refused to proceed and failed to comply with multiple court orders).

Here, Plaintiff's delay was two months in duration and Plaintiff has ignored three consecutive court warnings. Additionally, since Plaintiff has failed to communicate with the Court in any manner, the delay has functioned as a complete and indefinite block to advancing the litigation. Plaintiff's two-month delay, combined with Plaintiff's failure to heed multiple warnings from the Court and the effective halt to litigation that the delay has caused, weighs in favor of dismissal.

The second factor evaluates whether a plaintiff was notified that failure to appear would result in dismissal. *Drake*, 375 F.3d at 255. Here, Plaintiff was warned two separate times that his continued failure to appear for scheduled conferences would result in a recommendation to the District Judge that his action be dismissed. (*See* Minute Order dated 03/20/2020; Minute Entry dated 04/21/2020). Although Plaintiff was absent for each conference, the warnings were mailed to Plaintiff's last-known address via First Class and Certified Mail.[1] (Minute Order dated 03/20/2020; (Court only) ***Copy of Documents Mailed dated 04/22/2020). In addition, the warnings were emailed to Plaintiff via ECF. Two warnings are more than adequate in the Second Circuit, and thus the second factor weighs in favor of dismissal. *See, e.g., Chavis*, 2018 WL 6532865, at *4 (finding that two warnings from the court weigh in favor of dismissal); *Peart*, 992 F.2d at 462 (finding that one verbal warning to Plaintiff's Counsel was sufficient notice that Plaintiff's case may be dismissed).

---

[1] No mail sent to Plaintiff by the Court was returned as undeliverable.

The third factor weighs whether a defendant is prejudiced by a plaintiff's delay. *Drake*, 375 F.3d at 256. "Prejudice to defendants resulting from unreasonable delay may be presumed" but where the delay is "moderate or excusable, the need to show actual prejudice is proportionately greater." *Lyell*, 682 F.2d at 43. Put simply, the shorter or more excusable the delay, the greater the need to demonstrate actual prejudice. *Id.* Here, the delay was not excusable, and Plaintiff made no effort to justify his absence. Moreover, Defendant was prejudiced by Plaintiff's delay and this factor weighs in favor of dismissal regardless of whether a delay of two months is considered moderate. Defendant suffered prejudice in the form of effort, time, and preparation by attending all scheduled conferences despite Plaintiff's failure to appear. *See Kent*, 2007 WL 3085438, at *3 (finding that "[a]t a minimum, defendants have been prejudiced by the fact that they have expended time and resources to appear before the Court on two occasions on which neither plaintiff nor counsel appearing on her behalf appeared."). In addition, Plaintiff has not contacted the Court since his first failure to appear in March, indicating the delay may continue indefinitely, which would continue to prejudice Defendant. The third factor weighs in favor of dismissal.

The fourth factor weighs a plaintiff's right to be heard against a court's need to manage its docket. *See Bilal v. City of New York*, No. 17-CV-4498 (NGG) (SLT), 2020 WL 1698600, at *4 (E.D.N.Y. Apr. 8, 2020) (adopting report and recommendation). Courts in this circuit have found that the need to manage docket "congestion outweigh[s] plaintiffs' opportunity to be heard when the plaintiff has rebuffed opportunities to be heard and failed to attend judicial conferences." *St. Prix v. Sirus XM Satellite Radio*, No. 11 Civ. 1506 (CM) (KNF), 2014 WL 405812, at *4 (S.D.N.Y. Jan. 29, 2014) (collecting cases). Further, "dismissing the case without prejudice adequately strikes the balance between the Court's need to 'manage efficiently a congested docket' and the 'the plaintiff's right to due process.'" *Chavis*, 2018 WL 6532865, at *4 (quoting *Jackson v. City of New*

*York*, 22 F.3d 71, 76 (2d Cir. 1994)). Here, Plaintiff has been out of communication with the Court since his first absence from a scheduled hearing, despite two distinct warnings that his case would be dismissed. (*See* Minute Order dated 03/20/2020; Minute Entry dated 04/21/2020). The Court has afforded Plaintiff continued opportunity to appear and argue against dismissal, but Plaintiff has refused to do so. It has been almost two months since Plaintiff last failed to appear, (Minute Entry dated 05/19/2020), and Plaintiff has still not contacted the Court to offer a reason for his absence or argue against dismissal. Therefore, the fourth factor weighs in favor of dismissal.

Lastly, the fifth factor considers the efficacy of sanctions less severe than dismissal. There are no less-severe sanctions available to the court where a plaintiff has refused to appear. *See Kent*, 2007 WL 3085438, at *3 (finding that "no lesser sanctions would suffice" where plaintiff failed to appear or to obtain new counsel). Here, Plaintiff's failure to appear despite multiple warnings that his case would be dismissed is evidence that lesser sanctions will not be effective. *See Europacific*, 233 F.R.D. at 355 (holding that dismissal is appropriate where warnings have failed to motivate Plaintiff to "change his ways"). Finally, the delay here is such that litigation cannot move forward without Plaintiff. *See Lawal v. United States*, 90 F. App'x. 568, 570 (2d Cir. 2004) (upholding the lower court's decision to dismiss an action where "the litigation could not proceed in the absence of" the plaintiff and thus a lesser sanction would not "have addressed the problem"). The fifth and final factor weighs in favor of dismissal.

"When imposed, the sanction of dismissal 'operates as an adjudication upon the merits,' but may be without prejudice if so specified by the court imposing it." *Lyell Theatre Corp.*, 682 F.2d at 43 (quoting Fed. R. Civ. P. 41(b)). Here, the statute of limitations will not prohibit Plaintiff from prosecuting this case in the future. Claims under the FCRA must be brought "no[ ] later than the earlier of" (1) two years after the date that the violation was discovered or (2) five years after

the violation occurs. 15 U.S.C. § 1681p. The alleged violations date back to March 2017 and Plaintiff discovered them in August 2018. (Compl. ¶¶ 7–9). Under the statute of limitations, Plaintiff will have some opportunity to pursue this claim before August 2020 if he chooses to prosecute it in the future. In consideration of Plaintiff's *pro se* status and Plaintiff's ability to bring this claim again in the future, I respectfully recommend that this case be dismissed without prejudice. *See Dinkins v. Ponte*, No. 15 Civ. 6304 (PAE) (JCF), 2016 WL 4030919, at *4 (S.D.N.Y. July 26, 2016) (adopting report and recommendation).

## CONCLUSION

For the reasons set forth above, I respectfully recommend that this action be dismissed without prejudice pursuant to Rule 41(b) for failure to prosecute and failure to comply with a court order. Any objections to the recommendations made in this Report must be filed with the Clerk of the Court and the Honorable Eric N. Vitaliano within fourteen (14) days of receipt hereof. Failure to file timely objections waives the right to appeal the District Court's Order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).

*/s/ Ramon E. Reyes, Jr.*
RAMON E. REYES, JR.
United States Magistrate Judge
Dated: July 10, 2020
Brooklyn, New York